FILED 2009 MAR 25 PM 12:24 CLERK, U.S. DISTRICT COURT, CENTRAL DIST. OF CALIF., LOS ANGELES

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2008 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LISA LIEVANOS, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CR No. 08-746(B)-FMC <br><br> S E C O N D <br> S U P E R S E D I N G <br> I N D I C T M E N T <br><br> [18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1957: Transactions in Criminally Derived Property; 18 U.S.C. § 1001(a)(2): False Statement; 18 U.S.C. § 2: Aiding and Abetting and Causing an Act to Be Done] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

A. INTRODUCTION

1. At all times relevant to this Indictment:

a. Defendant LISA LIEVANOS ("defendant LIEVANOS"), resided at 15359 Jeanette Drive, Fontana, California ("Jeanette property"), within the Central District of California. Defendant LIEVANOS was a "straw buyer" who would, in exchange for a fee, allow her identity and credit to be used by others

SYM:sym

1  in connection with the purchase or refinancing of real
2  properties. Although purporting to be a bona-fide purchaser of
3  the properties, defendant LIEVANOS would not occupy the
4  property and would hold only nominal title to the property.
5         b.  Co-conspirator Angela Cotton ("co-conspirator
6  Cotton") was the president, treasurer, secretary, and director
7  of Todar Investments, Inc., a Nevada corporation doing business
8  as Orange Title Company ("Orange Title"). Orange Title
9  purported to be a title company operating out of Fontana,
10 California.
11        c.  Accredited Home Lenders, Lending 1st Mortgage,
12 and Bridgelock Capital (collectively, "financial lending
13 victims") were involved in the business of funding residential
14 mortgage loans secured by real estate. Such funding was
15 dependent and conditioned upon borrowers providing true and
16 accurate information concerning their financial condition,
17 along with adequate documentation, to meet the financial
18 lending victims' underwriting standards.
19 B.   OBJECTS OF THE CONSPIRACY
20      2.  Beginning on a date unknown but no later than in or
21 about January 2006, and continuing through in or about October
22 2007, in Los Angeles and San Bernardino Counties, within the
23 Central District of California, and elsewhere, defendant
24 LIEVANOS, together with others known and unknown to the Grand
25 Jury, knowingly combined, conspired, and agreed to commit the
26 following offenses against the United States:
27
28

     a. Wire fraud, by transmitting and causing to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing a scheme to defraud the financial lending victims as to material matters, and to obtain money and property from the financial lending victims by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts, in violation of Title 18, United States Code, Section 1343; and

     b. Conducting and causing to be conducted monetary transactions involving the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1957.

C. **THE MANNER AND MEANS OF THE CONSPIRACY**

    3. The objects of the conspiracy were carried out, and to be carried out, in substance, as follows:

     a. Defendant LIEVANOS would allow co-conspirator Cotton and others known and unknown to the Grand Jury to use her name and credit to apply for loans for the purchase of properties, including one property, located at 7069 Isle Court, Rancho Cucamonga, California ("Isle Court property"), that was not in fact for sale.

     b. Defendant LIEVANOS, co-conspirator Cotton, and/or another co-conspirator would submit to the financial lending victims fraudulent loan applications in the name of defendant LIEVANOS, even though defendant LIEVANOS had no

intention of occupying the properties or holding anything more than nominal title in the properties.

     c. The loan applications submitted by defendant LIEVANOS, co-conspirator Cotton, and/or another co-conspirator, including a loan application for the refinancing of defendant LIEVANOS's own residence, the Jeanette property, included false employment information, income information, occupancy declarations, and rental agreements relating to defendant LIEVANOS's financial condition.

     d. Defendants LIEVANOS and her co-conspirators would obtain the following fraudulent loans on a property located at 6133 Chantel Drive, Fontana, California ("Chantel property"), the Jeanette property, and the Isle Court property:

| Date Funded | Property | Financial Lending Institution | Loan Amount |
| --- | --- | --- | --- |
| 2/9/06 | Chantel | Accredited Home Lenders | $635,000 |
| 9/15/06 | Jeanette | Lending 1st Mortgage | $526,500 |
| 7/19/07 | Isle Court | Bridgelock Capital | $787,500 |

     e. As a result of the conspiracy, defendant LIEVANOS and her co-conspirators obtained over $1.9 million from financial lending institutions.

     f. For two properties in which she acted as a straw buyer, the Isle Court property and the Chantel property, defendant LIEVANOS received a fee consisting of a portion of the fraudulently obtained loan proceeds for those properties.

D.  OVERT ACTS

4.   In furtherance of the conspiracy, and to accomplish its objects, defendant LIEVANOS and her co-conspirators, together with others known and unknown to the Grand Jury, committed and willfully caused others to commit the following overt acts, among others, in the Central District of California and elsewhere:

Loan from Accredited Home Lenders for the Purchase of the Chantel Property Funded on February 9, 2006 ("Chantel Loan")

Overt Act No. 1:

On or about February 1, 2006, defendant LIEVANOS and her co-conspirators caused a uniform residential loan agreement ("URLA") and supporting documentation, which falsely stated that the applicant was defendant LIEVANOS and which contained other false information, to be submitted to Accredited Home Lenders for a loan in the amount of $635,000 for the purchase of the Chantel property.

Overt Act No. 2:

On or about February 1, 2006, defendant LIEVANOS and/or her co-conspirators caused a false verification of employment for defendant LIEVANOS from Ace Financial, a company owned by co-conspirator Cotton, dated February 1, 2006, to be submitted with the URLA for the Chantel Loan.

Overt Act No. 3:

Defendant LIEVANOS and/or her co-conspirators caused a false Monthly Rental Agreement for the Jeanette property, dated

February 15, 2006, to be submitted with the URLA for the Chantel Loan.

Overt Act No. 4:

On February 9, 2006, defendant LIEVANOS caused Old Republic Title Company to wire $278,280.77, the loan proceeds from the Chantel Loan, to Orange Title's Bank of America account, XXXXX-X4876.

### Loan from Lending 1st Mortgage for the Refinancing of the Jeanette Property Funded on September 15, 2006 ("Jeanette Loan")

Overt Act No. 5:

On or about September 8, 2006, defendant LIEVANOS and/or her co-conspirators caused a URLA and supporting documentation, which contained false information about defendant LIEVANOS' employment, to be submitted to Lending 1st Mortgage for a loan in the amount of $526,500 for the refinancing of the Jeanette property.

Overt Act No. 6:

On or about August 24, 2006, defendant LIEVANOS and/or her co-conspirators caused a false verbal verification of employment for defendant LIEVANOS from Ace Financial, a company owned by co-conspirator Cotton, to be submitted with the URLA for the Jeanette Loan.

Overt Act No. 7:

On or about August 24, 2006, defendant LIEVANOS and/or her co-conspirators caused a letter regarding the failure to

include the Chantel Loan on her original URLA to be submitted with the URLA for the Jeanette Loan.

Overt Act No. 8:

On August 25, 2006, defendant LIEVANOS and/or her co-conspirators caused a false Monthly Rental Agreement for the Chantel property, dated March 1, 2006, to be submitted with the URLA for the Jeanette Loan.

Overt Act No. 9:

On or about August 25, 2006, defendant LIEVANOS and/or her co-conspirators caused a letter regarding ownership of two homes and her choice to live in the smaller of the two homes, to be submitted with the URLA for the Jeanette Loan.

Overt Act No. 10:

On September 15, 2006, defendant LIEVANOS caused Commonwealth Land Title Company to wire $173,967.31, the loan proceeds from the Jeanette Loan, to Orange Title's Bank of America account, XXXXX-X8121.

Loan from Bridgelock Capital for the Purchase of the Isle Court Property Funded on July 19, 2007 ("Isle Court Loan")

Overt Act No. 11:

On or about July 13, 2007, defendant LIEVANOS and/or her co-conspirators caused a URLA naming defendant LIEVANOS as the applicant and supporting documentation, which contained false information and a copy of the driver's license of defendant LIEVANOS, to be submitted to Bridgelock Capital for a loan in the amount of $787,500 for the purchase of the Isle Court property.

Overt Act No. 12:

On or about July 13, 2007, defendant LIEVANOS and/or her co-conspirators caused a false verification of employment for defendant LIEVANOS from Ace Financial, a company owned by co-conspirator COTTON, dated July 12, 2007, to be submitted with the URLA for the Isle Court Loan.

Overt Act No. 13:

On or about July 19, 2007, co-conspirator COTTON caused Bridgelock Capital to wire $787,500, the loan proceeds from the Isle Court Loan, to Orange Title's Bank of America account, XXXXX-X8121.

Overt Act No. 14:

On or about July 26, 2007, co-conspirator COTTON purchased a $20,000 cashier's check payable to defendant LIEVANOS with a portion of the loan proceeds from the Isle Court Loan.

///
///
///

COUNTS TWO THROUGH FOUR

[18 U.S.C. §§ 1343, 2]

5.  The Grand Jury hereby repeats and realleges paragraphs 1 and 3 of this Second Superseding Indictment as if fully set forth herein.

A.  <u>SCHEME TO DEFRAUD</u>

6.  Beginning on a date unknown but no later than in or about January 2006, and continuing through in or about July 2007, in Los Angeles and San Bernardino Counties, within the Central District of California, and elsewhere, defendant LIEVANOS, together with others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud the financial lending institutions listed below as to material matters, and to obtain money and property from the listed financial lending institutions by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

7.  The scheme to defraud is described in greater detail in paragraphs 1 and 3 above.

B.  <u>USE OF THE WIRES</u>

8.  On or about the dates set forth below, within the Central District of California and elsewhere, defendant LIEVANOS, for the purpose of executing the above-described scheme to defraud, transmitted, willfully caused the transmission, and aided and abetted the transmission of, the following items by means of wire and radio communication in interstate and foreign commerce:

| COUNT | DATE | FINANCIAL INSTITUTION | WIRE |
|---|---|---|---|
| TWO | 2/9/06 | Accredited Home Lenders | Wire transfer of $278,281 from Union Bank of California account number XXXXXX4079, in Los Angeles, California, to Bank of America account number XXXXX-X4876, in New York, New York |
| THREE | 9/15/06 | Lending 1st Mortgage | Wire transfer of $173,967 from Union Bank of California account number XXXXXX4640, in Los Angeles, California, to Bank of America account number XXXXX-X8121, in New York, New York |
| FOUR | 7/19/07 | Bridgelock Capital | Wire transfer of $787,500 from Wells Fargo Bank account number XXXXX5686, in San Francisco, California, to Bank of America account number XXXXX-X8121, in New York, New York, per request from Woodland Hills, California |

///
///
///

## COUNT FIVE

[18 U.S.C. §§ 1957, 2]

9. The Grand Jury hereby repeats and realleges paragraphs 1 and 3 of this Indictment as if fully set forth herein.

10. On or about July 26, 2007, in Los Angeles and San Bernardino Counties, within the Central District of California, and elsewhere, defendant LIEVANOS, aided and abetted by others known and unknown to the Grand Jury, knowing that the funds involved represented the proceeds of some form of unlawful activity, conducted, and willfully caused others to conduct, the following monetary transactions in criminally derived property of a value greater than $10,000, which property, in fact, was derived from specified unlawful activity, namely wire fraud, in violation of Title 18, United States Code, Section 1343: Purchase of cashier's check in the amount of $20,000 from Orange Title's Bank of America account number XXXXX-X8121 payable to defendant LIEVANOS.

///
///
///

COUNT SIX

[18 U.S.C. § 1001(a)(2)]

11. On or about August 21, 2007, in San Bernardino County, within the Central District of California, and elsewhere, in a matter within the jurisdiction of the executive branch of the government, specifically the Federal Bureau of Investigation, defendant LISA LIEVANOS ("defendant LIEVANOS") knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, in that defendant LIEVANOS said to a Special Agent of the Federal Bureau of Investigation that she had received $20,000 on July 26, 2007, from Orange Title as a loan referral fee. In truth and in fact, as defendant LIEVANOS then well knew, she had received the $20,000 on July 26, 2007, as payment for the use of her

///
///
///

1 | personal identification information as a straw buyer in an
2 | application for a loan to purchase a property.
3
4                              A TRUE BILL
5
6                              /S/
                              ─────────────
                              Foreperson
7
8 | THOMAS P. O'BRIEN
    United States Attorney
9
    STEPHANIE YONEKURA McCAFFREY
10| Executive Assistant United States Attorney
11| *Daniel J. Goodman, Asst. U.S. Atty*
12| *Deputy Chief, Criminal Division, FOR:*
    CHRISTINE C. EWELL
13| Assistant United States Attorney
    Chief, Criminal Division
14
    BEONG-SOO KIM
15| Assistant United States Attorney
    Deputy Chief, Major Frauds Section
16
17
18
19
20
21
22
23
24
25
26
27
28

13